UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-25318-CIV-MORENO

RANDY ZAPATA,

   Plaintiff,

vs.

M.ED JAMES SULLIVAN,

   Defendant.
_____/

## ORDER DENYING RENEWED MOTION FOR RECONSIDERATION

THIS CAUSE came before the Court upon Plaintiff's renewed Motion to Require that the Honorable Federico A. Moreno Will Reconsider "Order Dismissing Complaint Without Prejudice" Entere[d] Into Record 12/20/2018 and 02/08/2019 Once Again **(D.E. 10)**, filed on **February 15, 2019**. The Court has considered the motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

Plaintiff argues the undersigned "did not seem to take into consideration the current time and events transpired in order to give *PLAINTIFF* a reasonable opportunity to receive and respond to the 'Order.'" (D.E. 10 at 1.) But the central reason the Court first dismissed Plaintiff's complaint was because the complaint did not set forth a basis for federal jurisdiction *and* because the complaint violated the one-claim-per-count rule. (*See* D.E. 3.) This dismissal was *without* prejudice and granted Plaintiff leave to file an amended complaint within 15 days (January 4, 2019). And to date, Plaintiff still has not filed an amended complaint[1] setting forth an articulable

---

[1] The Court notes that once again Plaintiff has not attached a proposed amended complaint to his motion for reconsideration. *Cf.* S.D. Fla. L.R. 15.1 ("A party who moves to amend a pleading shall attach the original of the amendment to the motion . . . ."). Plaintiff again affixes new allegations to his second motion for reconsideration, but again these allegations do not set forth a basis for federal jurisdiction or comply with the one-claim-per-count rule, and the allegations appear to largely duplicate the original complaint. (*Compare* D.E. 1 at 1–2, *with* D.E. 6 at 2–3, *and with* D.E. 10 at 2–5.)

basis for federal jurisdiction over his claims and bringing his allegations into compliance with the one-claim-per-count rule. For this reason alone, reconsideration of the Court's order dismissing the case is not warranted. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted" as the "power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts"). Notably here, the Court dismissed the case *without* prejudice (*see* D.E. 5), so nothing prevents Plaintiff from paying a new filing fee and filing a new complaint.[2] Accordingly, it is

**ADJUDGED** that the motion is DENIED.[3]

DONE AND ORDERED in Chambers at Miami, Florida, this 22" of February 2019.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Randy Zapata
P.O. Box 170041
Hialeah, FL 33017

---

[2] The Court notes that as the party initiating the case, Plaintiff must (even when litigating *pro se*), prosecute his civil action in compliance with the Federal Rules of Civil Procedure, and comply with the Southern District of Florida Local Rules and CM/ECF Administrative Procedures. *See* Fed. R. Civ. P. 1–3; *see also* S.D. Fla. L.R. 1.1, 5.1(b), available at https://www.flsd.uscourts.gov/sites/flsd/files/2018-Local-Rules.pdf. The Court also notes that § 2C of the Southern District's CM/ECF Administrative Procedures explain that *pro se* litigants "may access the electronic record at the public counter in the Clerk's Office in all divisions or through PACER" and can also "consent to receive notices electronically." *See* S.D. Fla. CM/ECF Administrative Procedures, § 2C (effective Dec. 3, 2018), available at https://www.flsd.uscourts.gov/sites/flsd/files/18-12-03-AdministrativeProcedures-FINAL.pdf.

[3] Finally, the Court notes the Clerk of Court issued two Notices of Undeliverable Mail for Defendant, based on the address provided by Plaintiff. (*See* D.E. 1-1, 7, 9.) As such, Defendant has not appeared in the immediate case, and consequently, Defendant cannot have waived his "right to proceed before a District Judge of this Court and consent to have the Magistrate Judge . . . conduct any and all further proceedings." *See* D.E. 10 at 2, 6; *see also* 28 U.S.C. § 636(c) ("Upon the consent of the *parties*, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter . . . .") (emphasis added).

<u>Pro Se</u>

James Sullivan, M.ED.
3081 East Commercial Blvd., Suite 102
Ft. Lauderdale, FL 33308